# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Case No. 05-cv-01855-REB-OES

SUNTERRA CORPORATION,

    Plaintiff,

v.

RCI TECHNOLOGY CORPORATION,

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE

**Blackburn, J.**

The matter before me is Defendant's Motion to Transfer Venue [#6], filed October 13, 2005. By this motion, defendant seeks to have this action transferred to the U.S. District Court for the District of New Jersey, Newark Division, pursuant to 28 U.S.C. § 1404(a). I have jurisdiction over this declaratory judgment and copyright infringement action pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338 (copyright actions). I deny the motion.

Section 1404(a) contemplates that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).[1] The district court is vested with considerable discretion in determining whether transfer is appropriate. ***Chrysler Credit Corp. v. Country Chrysler, Inc.***, 928 F.2d 1509, 1515

---

[1] Plaintiff does not dispute that suit could have been brought in the district court of New Jersey.

(10th Cir. 1991). Factors that bear on the analysis include:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Id*. at 1516 (quoting **Texas Gulf Sulphur Co. v. Ritter**, 371 F.2d 145, 147 (10th Cir. 1967)). The movant bears the burden of establishing that the existing forum is inconvenient. *Id*. at 1515. This is a heavy burden, **Texas Gulf Sulphur Co.**, 371 F.2d at 148, "'and unless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed,'" **Scheidt v. Klein**, 956 F.2d 963, 965 (10th Cir. 1992); *see also Cargill Inc. v. Prudential Insurance Co. of America*, 920 F.Supp. 144, 146 (D. Colo. 1996).

It is true in this case that neither party is located in Colorado, which may entitle the plaintiff's choice of forum to lesser weight than it otherwise enjoys. **See Studdard v. Connaught Laboratories, Inc.**, 793 F.Supp. 291, 293 (D. Kan. 1992). Nevertheless, defendant's motion is woefully inadequate to sustain its substantial burden of proving that the balance of inconvenience weighs in favor of transfer. Defendant relies exclusively on the facts that all its witnesses and documents are

located in New Jersey.[2]  The location of documents is typically afforded little weight in the analysis unless the volume of documents is so substantial that transporting them outside a party's home forum would be difficult.  **See Gardipee v. Petroleum Helicopters, Inc.**, 49 F.Supp.2d 925, 931 (E.D. Tex. 1999).  No such showing has been made here.

The location of key witnesses, by contrast, is often a determinative factor in the analysis.  However, the movant must set forth the identity and proposed testimony of any such witnesses in order to allow the court to determine whether the witnesses' testimony is in fact material.  **See Texas Gulf Sulphur Co.**, 371 F.2d at 148.  The movant thus will not carry its burden simply by making conclusory assertions about the inconvenience of witnesses.  **Id**.  The affidavit appended to defendant's motion states nothing more than that "[t]he persons most likely to have relevant knowledge of RCIT's relationship with Sunterra are based in New Jersey" and that likely "all of [defendant's] witness [sic] will come from New Jersey."  (Def. Motion App., Exh. A at 1, ¶ 8.)  Such vague, generalized averments are insufficient to sustain defendant's heavy burden of demonstrating that transfer is warranted under section 1404(a).[3]

Ultimately, a transfer in this case would do little more than shift the balance of inconvenience from defendant to plaintiff.  Transfer is not appropriate under such circumstances.  **See Metabolite Laboratories, Inc. v. AmerisourceBergen Corp.**,

---

[2] Defendant did business in Colorado during the time that the underlying agreement was negotiated and up until July, 2000, but avers that it has not conducted business or maintained an office in this state since that time.

[3] In addition, defendant does not account for the distinct possibility that many of its witnesses may well be employees of the company, in which case concerns about the ability of the court to compel their attendance at trial are not implicated.  **See Gardipee**, 49 F.Supp.2d at 929.

2005 WL 2105035 at *4 (D. Colo. Aug. 30, 2005) (slip op.).

**THEREFORE, IT IS ORDERED** that  Defendant's Motion to Transfer Venue [#6], filed October 13, 2005, is **DENIED**

Dated November 18, 2005, at Denver, Colorado.

BY THE COURT:

s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge